UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITRA L. COOMER,

        Petitioner,

v.                                        CASE NO. 04-CV-72217-DT
                                       HONORABLE NANCY G. EDMUNDS

JOAN YUKINS,

        Respondent.
_____/

**ORDER GRANTING IN PART PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY
AND
DENYING PETITIONER'S MOTION FOR A REHEARING**

Petitioner Anitra L. Coomer has appealed the Court's opinion and judgment denying her habeas corpus petition. Currently pending before the Court are Petitioner's motion for a certificate of appealability and her motion for a rehearing.

**I. The Motion for a Certificate of Appealability**

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Petitioner's substantive habeas claims read:

II.[1]  The first half of Ms. Coomer's initial confession was taken in violation of *Miranda* where multiple police officers showed up at the petitioner's home in the middle of the night and questioned her about the murder. A reasonable person would not feel free to leave under these circumstances. The state court's ruling to the contrary is objectively unreasonable.

III.  The state court's ruling that Ms. Coomer's post Miranda statements were dissipated from the taint of the Miranda violation which took place during the second half of Ms. Coomer's initial confession. (sic)

IV.  The jury instructions in this case were hopelessly confused and deprived Ms. Coomer of due process of law.

---

[1] Petitioner's first habeas "claim" alleges that her petition is properly before the Court. Because this is not a substantive claim, the Court need not discuss it.

> V. Ms. Coomer was denied her right to effective assistance of trial and appellate counsel where counsel failed to challenge the jury instructions in this matter and/or the unlawful entry into the common area of Ms. Coomer's apartment.
>
> VI. The cumulative effect of these errors denied Ms. Coomer a fair trial.

Reasonable jurists could debate the Court's assessment of Claims II and III concerning whether Petitioner was "in custody" for purposes of *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966), when she made her first statement to the police and whether that statement tainted her second statement. *See Missouri v. Seibert*, 542 U.S. 600, 604 (2004); *Oregon v. Elstad*, 470 U.S. 298, 309 (1985). Therefore, a certificate of appealability may issue on Claims II and III.

Petitioner's fourth claim challenges the jury instructions. The Court found no merit in this claim, because the verdict form did not misstate the law and the trial court did not erroneously instruct the jury on larceny as an underlying felony to the felony murder charge. Reasonable jurists would not debate the Court's assessment of this claim. Therefore, a certificate of appealability will not issue on Claim IV.

Petitioner's fifth habeas claim alleges ineffective assistance of counsel. Specifically, Petitioner alleges that her trial and appellate attorneys failed to attack the confusing jury instructions and failed to challenge the fact that the police illegally entered the common entrance to her apartment building. The Court rejected these claims because the jury instruction on the underlying felony for felony murder was not erroneous and Petitioner's Fourth Amendment claim lacked merit. An attorney cannot be ineffective for failing to raise an issue that lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Therefore, reasonable jurists would not debate the Court's assessment of Petitioner's fifth claim, and a certificate of appealability

will not issue on Claim V.

There is no merit to Claim VI because constitutional errors that would not individually support habeas relief cannot be cumulated to support habeas relief. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Reasonable jurists would agree. Accordingly, a certificate of appealability will not issue on Petitioner's sixth claim.

Petitioner's motion for a certificate of appealability [Doc. #44, Jan. 20, 2006] is GRANTED in part and DENIED in part. Petitioner may appeal claims II and III, but not claims IV through VI.

## II. The Motion for Rehearing

Petitioner's motion for rehearing asserts a claim of actual innocence, which is based on the allegation that Petitioner's co-defendant in the underlying state case physically and psychologically abused her. Petitioner also alleges that actual innocence is a basis for forgiving the procedural defaults in this case.

Claims of actual innocence are not a basis for federal habeas corpus relief, absent an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Moreover, the Court excused all procedural defaults and adjudicated Petitioner's claims on the merits. Petitioner's motion for rehearing [Doc. #45, Jan. 20, 2006] is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 6, 2006

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager